IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAM JIRON, individually and
as Parent and Next Friend of
J.G., a Minor, and E.G., a Minor,

    Plaintiffs,

vs.                                                  CIV 19-541 SCY/LF

SETH ROTH, in his individual
capacity, ANTOINETTE CARABAJAL,
in her individual capacity, and
CITY OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' RULE 56(D) MOTION

THIS MATTER comes before the Court on "Plaintiffs' Rule 56(d) Motion to Deny Defendants' Motion for Summary Judgment or, in the Alternative, Defer Ruling on the Motion," filed June 18, 2020 (Doc. 62), and fully briefed July 8, 2020 (Docs. 65, 66). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. Docs. 3, 6, 7. Having considered the parties' arguments and all relevant authority, the Court denies Plaintiffs' Rule 56(d) Motion.

## BACKGROUND

Plaintiffs bring this lawsuit alleging that on February 12, 2019, Albuquerque Police Department ("APD") officers came to Plaintiff Mariam Jiron's house to conduct a child welfare check and proceeded to conduct a warrantless search of her house while yelling at her and threatening her with arrest. Doc. 4 ¶¶ 21, 28, 33, 37. Plaintiffs filed their Complaint on June 12,

1

2019, Doc. 1, and their Amended Complaint on June 19, 2019, Doc. 4.[1] On October 9, 2019, the Court held a scheduling conference and entered a Scheduling Order setting discovery parameters and case management deadlines. Doc. 17. The parties proceeded to engage in written discovery. *See* Docs. 20, 24, 28, 36, 37, 42, 44, 46, 57.

On June 18, 2020, Defendants filed a Motion for Summary Judgment arguing that they are entitled to qualified immunity on Plaintiffs' claims for unlawful search and seizure, free speech retaliation, and failure to intervene, and are entitled to summary judgment on Plaintiffs' state law tort claims. Doc. 59. Defendants argue, in part, that they are entitled to qualified immunity because they entered the house with Plaintiff Jiron's consent. Doc. 59 at 10. Because Defendants raised qualified immunity, the Court stayed discovery pending resolution of the Motion for Summary Judgment. Doc. 63. The present Rule 56(d) motion concerns Plaintiffs' request to depose the defendant officers; depositions Plaintiffs assert they need before filing a response to the Motion for Summary Judgment.[2] Doc. 62.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

---

[1] With leave of the Court, Plaintiffs filed a redacted Second Amended Complaint on April 21, 2020, Doc. 51, but later withdrew it, Doc. 58.

[2] The parties stipulated to an extension of briefing on the Motion for Summary Judgment: if Plaintiffs' Rule 56(d) Motion is granted, Plaintiffs will have 16 days after the depositions are complete to file a response; if Plaintiffs' Rule 56(d) Motion is denied, Plaintiffs will have two weeks from the denial Order to file their response. Doc. 64.

The non-movant has the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015).

A Rule 56(d) declaration must meet four requirements. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, the declaration must identify "the probable facts not available." *Id.* (citation omitted). Second, the declaration must state "why those facts cannot be presented currently." *Id.* That the movant has exclusive control over the needed information weighs in favor of Rule 56(d) relief; however, exclusive control is just one factor and does not grant automatic relief. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Third, the declaration must specify "what steps have been taken to obtain these facts." *Valley Forge Ins. Co.*, 616 F.3d at 1096 (citation omitted). And fourth, the declaration must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

Additionally, in this case, because Defendants have now raised qualified immunity, "there is a strong policy justification for staying discovery and for refusing requests for additional discovery. . . ." *Martin*, 626 F. App'x at 740. The Tenth Circuit explained that

> [q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. Accordingly, qualified immunity questions should be resolved at the earliest stage in litigation. Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.

3

*Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original) (internal quotations omitted). Therefore, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotations omitted). In other words, "the plaintiff bears the burden of demonstrating how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin*, 626 F. App'x at 740 (internal quotation omitted).

## **DISCUSSION**

Plaintiffs attach to their Motion an affidavit from their counsel, Margaret Strickland. Doc. 62 at 5-6. In this affidavit, Ms. Strickland avers "Plaintiffs need to take the Officer Depositions because they have made sworn statements that seemingly exculpate themselves from liability. Plaintiffs need these depositions in order to respond to the Defendants' Motion for Summary Judgement." Doc. 62 at 6 ¶ 9. In other words, Plaintiffs do not seek specific facts but seek to challenge the self-serving facts that Defendants have presented. Yet, their conclusory assertion does not "demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc.,* 206 F.3d at 987.

Defendants pointed out this deficiency in their response to the Rule 56(d) Motion and Plaintiffs therefore attach a revised affidavit to their reply. Doc. 66 at 9-12. The revised affidavit mirrors the original, except that it adds a list of questions that Plaintiffs seek to ask the defendant officers at their depositions. Doc. 66 at 11. As an initial matter, "a party waived issues and arguments raised for the first time in a reply brief." *Gutierrez*, 841 F.3d at 902. However, in considering Rule 56(d)'s requirements and binding authority related to discovery in qualified

immunity cases, the Court concludes that, even considering the revised affidavit, Plaintiffs have not made a sufficient case for Rule 56(d) discovery.

Considering the first factor (identification of probable facts not available), by providing a list of questions they seek to ask, Plaintiffs identify the information they would like to obtain through the depositions. And while Plaintiffs identify facts they seek, they do not explain why these facts are not otherwise available. The factor 1 question of identifying facts not otherwise available blends into the factor 2 question of why those facts cannot be presented currently. Stated differently, the second part of factor 1 and factor 2 essentially both ask: do Defendants have exclusive control over facts Plaintiffs need to defend against Defendants' motion for summary judgment and assertion of qualified immunity? It would be inherently unfair to require Plaintiffs to present facts necessary to defend against Defendants' assertion of qualified immunity but then deny Plaintiffs the means to obtain those facts.

This was the situation that existed in the primary case Plaintiffs cite in support of their Rule 56(d) motion, *Saiz v. Franco*, No. 15-CV-587-MCA-WPL, 2017 WL 3405608, at *1 (D.N.M. Mar. 23, 2017). There, the plaintiff, an inmate at the Penitentiary of New Mexico, sued the warden, German Franco, in his personal capacity based on allegations that Franco was personally involved in wrongfully placing plaintiff in solitary confinement and causing him to lose his good time. *Id*. The district court pointed out that, to defend against Franco's assertion of qualified immunity, the plaintiff had to present facts demonstrating that Franco personally participated in the violation of his rights. *Id*. at *4. As the district court further noted, information about Franco's personal involvement was in Franco's exclusive control and the only information available to the plaintiff was from Franco's self-serving affidavit. *Id*. The district court concluded, "to grant the Defendant, the warden of PNM, qualified immunity on the basis of his

self-serving affidavit, and limited other information selected by him, without affording Plaintiff the benefit of the opportunity to develop material facts about his knowledge and involvement would be unconscionable." *Id.*

The current case presents a different situation. Here, in addition to the affidavits of the officers, the Plaintiffs have the lapel camera recordings that captured the interaction. Although, as Plaintiffs points out, the lapel camera is imperfect in that it does not capture the entire scene (and, according to Plaintiffs, the defendant officers turned off the audio for a portion of the encounter), the video and audio available provide a great deal of information. More importantly, however, Plaintiff Jiron can herself testify about her entire interaction with the defendant officers, including those interactions related to the issue of consent.

Although deposing the defendant officers could possibly provide Plaintiffs with information Plaintiffs might use to cast doubt on the defendants officers' version of events, at the summary judgment stage the Court does not make credibility determinations and draws all reasonable factual inferences in favor of the non-moving party. *See S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (internal quotation marks omitted); *Hansen v. PT Bank Negara Indonesia*, 706 F.3d 1244, 1251 (10th Cir. 2013). If Plaintiff Jiron has a recollection of the interaction that differs from the officers' account, Plaintiffs have the present ability to offer this competing version of events. This undermines Plaintiffs' contention that answers to the listed questions are needed to "provide facts that indicate Plaintiffs did not consent to the Officer," which is "closely related to the validity of the Defendants['] Motion for Summary Judgment." Doc. 66 at 11 ¶¶ 13-14. In sum, while not a dispositive factor, the second factor the Court must consider in evaluating Plaintiffs' Rule 56(d) motion weighs in favor of Defendants.

*See Gutierrez*, 841 F.3d at 909 (Rule 56(d) movant must specify how information sought is "essential to their summary judgment opposition.").

In not acknowledging that they could obtain and present information through Plaintiff Jiron, Plaintiffs have also not satisfied the third factor the Court must consider: specifying what steps have been taken to obtain the facts they seek. Finally, considering the fourth factor, Plaintiffs have explained how additional time will enable them to obtain additional information from the defendant officers. But, it appears that Plaintiffs seek to depose the defendant officers in the hopes of obtaining impeachment information rather than to obtain facts unknown to them that they cannot otherwise obtain.[3] The defendant officers' affidavits already provide a fairly detailed account of their version of circumstances related to the issue of consent. Although Plaintiffs may disagree with the officers' account, the officers' affidavits are responsive to most of the questions Plaintiffs' posit. The lapel recordings then further supplement this information. And, most importantly, Plaintiffs have access to Jiron's independent memory of the entire incident. Balancing all the factors the Court must and considering Defendants' assertion of qualified immunity, the Court finds that Plaintiffs have not presented sufficient justification to warrant Rule 56(d) discovery.

## **CONCLUSION**

For these reasons, the Court denies Plaintiffs' Rule 56(d) Motion to Deny Defendants' Motion for Summary Judgment or, in the Alternative, Defer Ruling on the Motion (Doc. 62). In

---

[3] For instance, in their affidavits the officers state that, although they unholstered their guns, they kept them at their sides, out of Plaintiff Jiron's view. Doc. 59-1 ¶ 5; Doc. 59-2 ¶ 6. As justification for the depositions Plaintiffs' seek, they attach a frame from the video camera they claim contradicts this statement. Doc. 66 at 5. Questions about this alleged contradiction appear designed to impeach statements the officers have provided, not to determine what the officers say happened.

accordance with the parties' Notice of Extension of Briefing (Doc. 64), Plaintiffs shall file their response to the Motion for Summary Judgment within two weeks from the date of this Order.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent